UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS MICHAEL RODENKIRCH                              CIVIL ACTION

VERSUS                                                 NO. 18-1653

ASCENSION PARISH DIST. ATTORNEY                        SECTION "R"(4)
OFFICE, RICKY BABIN

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Thomas Michael Rodenkirch ("Rodenkirch"), is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, the Ascension Parish District Attorney's Office and District Attorney Ricky Babin alleging that he was arrested on February 11, 2015, on a DWI charge, and remained in jail beyond the speedy trial deadline until his court ordered release on February 21, 2017.[1]  He also has moved for leave to proceed *in forma pauperis*.[2]

### I.     Venue Provisions

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1]Rec. Doc. No. 4.

[2]Rec. Doc. No. 5. The Court will recommend that the ruling on plaintiff's application for pauper status be deferred to the United States District Court for the Middle District of Louisiana.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

## II.    Discussion

Rodenkirch claims that the cause of action in this case arose from his arrest and incarceration in Ascension Parish, Louisiana. Ascension Parish falls within the geographical boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Rodenkirch does not allege either that defendants reside within this district or that defendants can be located within this district. The interest of justice dictates that venue is proper in the Middle District of Louisiana.

## III.    Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

It is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* is **DEFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 29th day of March, 2018.

KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.